UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD W. ENGEL, JR.,

       Plaintiff,                          CIVIL ACTION NO. 08-12854

       v.                                  DISTRICT JUDGE ARTHUR J. TARNOW

COMMISSIONER OF                  MAGISTRATE JUDGE VIRGINIA M. MORGAN
SOCIAL SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION TO
GRANT PLAINTIFF'S MOTION FOR ATTORNEY FEES (D/E #22)**

**I. Introduction**

This Social Security case comes before the court on plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA") (D/E #22). The Commissioner has filed a response in opposition to that motion (D/E #23) and plaintiff filed a reply to that response (D/E #24). Pursuant to Local Rule 7.1(e)(2), this court dispensed with oral argument and, for the reasons stated below, the court recommends that plaintiff's motion be **GRANTED** and that plaintiff be awarded $2,244.00 in attorney fees.

**II. Background**

On May 20, 2002, plaintiff protectively filed an application for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), alleging that he was disabled

due to herniated discs in his neck, a back and neck injury, degenerative disc disease, depression and substance abuse, with a disability onset date of September 1, 1997. (Tr. 15, 76-79, 95) Both claims were denied initially and plaintiff sought review before an administrative law judge (ALJ). (Tr. 59-65) A hearing was held on November 30, 2004, before ALJ Regina Sobrino. (Tr. 548-591) Plaintiff was represented by counsel and testified at the hearing.

Following that hearing, the ALJ issued a partially favorable decision finding plaintiff disabled as of June 20, 2002. (Tr. 41-57) Plaintiff sought review of that decision by the SSA's Appeals Council and, on February 27, 2006, the Appeals Council vacated the ALJ's decision. (Tr. 34-37) Specifically, the Appeals Council vacated the decision with respect to the issue of disability prior to June 20, 2002 and remanded the case for further proceedings. (Tr. 36-37)

On October 25, 2006, a supplemental hearing was held before the ALJ. (Tr. 592-623) Plaintiff was again represented by counsel and he also testified at the supplemental hearing. On January 22, 2007, the ALJ issued a second decision finding that plaintiff was not disabled prior to June 20, 2002. (Tr. 15-21) However, in that decision, the ALJ did not discuss two opinions rendered by plaintiff's treating psychiatrist, Dr. Foster. One of those opinions was provided in November of 2004 while the other was provided in October of 2006.

Plaintiff filed a request for review of the ALJ's decision with the SSA's Appeals Council. (Tr. 9, 13-14) The Council denied the request on August 11, 2007. (Tr. 5-8) The ALJ's decision thus became the final determination of the Commissioner. On July 3, 2008, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). In his subsequent motion for summary judgment (D/E #12), plaintiff argued that the ALJ erred in

her second decision by failing to give appropriate weight to the opinions of Dr. Foster. In the Commissioner's motion for summary judgment (D/E #17), defendant argued that the ALJ's error in failing to address Dr. Foster's opinions was harmless as that opinion was so patently deficient that the Commissioner could not possibly credit it.

On May 29, 2009, this court issued a report and recommendation stating that the decision denying benefits prior to June 20, 2002 should be affirmed (D/E #18). Plaintiff objected to that report and recommendation (D/E #19) and, on August 5, 2009, the Honorable Arthur J. Tarnow issued an order rejecting the report and recommendation, denying defendant's motion for summary judgment, granting in part plaintiff's motion for summary judgment, and remanding for an award of benefits (D/E #20). In that order, Judge Tarnow held:

> The court rejects the report and recommendation. In the final, January 2007 decision upon remand from the Appeals Council, the ALJ did not consider the retrospective opinions of a treating physician, Dr. Foster. Moreover, the record is clear enough that plaintiff was disabled prior to September 30, 2001, only nine months before his first meeting with Dr. Foster in June 2002. The Commissioner has already determined that plaintiff was disabled as of this June 2002 date. There is no basis in the record to conclude that he was not likewise disabled nine months earlier, in view of Dr. Foster's opinions which explain that plaintiff had long-term emotional problems which pre-dated even the alleged onset of disability.
>
> The court makes no finding as to whether plaintiff was disabled in 1999 or 2000. Therefore, much of the record from Dr. Awerbuch does not pertain to this court's determination. But the conclusion that plaintiff was not disabled even towards the latter half of 2001 is unsupported. Reviews and opinions from 2002 onwards are not probative of his disability around September 2001, because these opinions do not purport to be retrospective. Therefore, this case is

> REMANDED to the Commissioner of Social Security for an award
> of benefits.

[D/E #20, p. 1]

Following that order, plaintiff filed the motion for attorney fees pending before this court (D/E #22). In that motion, plaintiff asserts that he is a prevailing party and is entitled to attorney fees in the amount of $1,915.50.

The Commissioner filed a response in opposition to plaintiff's motion for attorney fees (D/E #23) and, in that response, argues that plaintiff's application for attorney fees should be denied because the Commissioner's position was substantially justified. In support of that argument, the Commissioner notes that this court previously recommended to the district court that the ALJ's decision be affirmed. The Commissioner also maintains that, based on the evidence in the record, the Commissioner was substantially justified in maintaining that plaintiff was not disabled.

Plaintiff also filed a reply brief in support of his motion for attorney fees (D/E #24), arguing that the mere fact that this court agreed with the Commissioner's position in an report and recommendation does not establish that the Commissioner's position was substantially justified. Plaintiff also requests additional attorney fees, in light of the fees incurred in replying to defendant's response, and notes that the total amount owed is now $2,244.00.

## III. Discussion

Plaintiff moves for attorney fees pursuant to EAJA. EAJA provides that "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the

United States fees and other expenses, ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(a)(A). "[T]he proper standard in EAJA cases is whether the Government's position was justified, both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989) (citing Pierce v. Underwood, 487 U.S. 552, 559-60, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). "The fact that we found that the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified." Howard v. Barnhart, 376 F.3d 551, 554 (6th Cir. 2004) (citing Pierce, 487 U.S. at 569 and Jankovich, 868 F.2d at 870)). "Congress did not ... want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case ....' " Scarborough v. Prinicipi, 541 U.S. 401, 415, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004) (internal citations omitted).

Here, the Commissioner first argues that the government's position in this litigation was substantially justified because this court agreed with that position and recommended to the district court that the ALJ's decision be affirmed. However, the fact that the ALJ and this court previously agreed with denial of benefits does not, by itself, establish that government's position was "substantially justified" within meaning of the EAJA attorney fee provision. See Howard v. Barnhart, 376 F.3d 551, 554 (6th Cir. 2004) (citing 28 U.S.C. § 2412(d)(1)(A)). Moreover, both the ALJ and this court erred by overlooking Dr. Foster's October 2006 opinion. Given that

error, the Commissioner cannot rely on the findings of the ALJ or this court to establish that the government's position was substantially justified.

The ALJ's failure to discuss Dr. Foster's opinion is particularly significant because Dr. Foster was a treating psychiatrist. In <u>Wilson v. Commissioner</u>, 378 F.3d 541 (6th Cir. 2004), the Sixth Circuit held that an ALJ's failure to "give good reasons" for the weight given to a treating source's opinion, as required by the regulations constitutes reversible error, even if the disability determination is otherwise supported by substantial evidence. The Sixth Circuit indicated that such a failure was subject to harmless error analysis, but stated that "[a] court cannot excuse the denial of a mandatory procedural protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely." <u>Id</u>. at 546. Instead, the Court suggested that only a *de minimus* violation of the regulation could constitute harmless error:

> For instance, if a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it, a failure to observe § 1527(d)(2) may not warrant reversal. There is also the possibility that if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion, it may be irrelevant that the ALJ did not give weight to the treating physician's opinion, and that failure to give reasons for not giving such weight is correspondingly irrelevant. Or perhaps a situation could arise where the Commissioner has met the goal of § 1527(d)(2)–the provision of the procedural safeguard of reasons–even though she has not complied with the terms of the regulation. However, none of these possibilities is present in the instant case, and the ALJ committed reversible error by depriving Wilson of the procedural right given to him by the agency's regulation.

Id. at 547 (citations omitted).

Plaintiff specifically appealed the ALJ's decision in this case and brought a complaint in this case on the basis that the ALJ's failure to address Dr. Foster's opinion constituted reversible error. In response to that assertion, the Commissioner took the position that (1) the ALJ's failure to address Dr. Foster's opinions was a harmless error because those opinions were patently deficient and (2) the ALJ's conclusion that plaintiff was not disabled prior to June 19, 2002 was supported by substantial evidence.

Despite the Commissioner's position to the contrary, the argument that the ALJ's failure to address Dr. Foster's opinions was harmless was not substantially justified. Dr. Foster was plaintiff's treating psychiatrist and his opinions were clear and well-supported. Moreover, the district court relied on Dr. Foster's opinions when remanding this case for an award of benefits: "The Commissioner has already determined that plaintiff was disabled as of this June 2002 date. There is no basis in the record to conclude that he was not likewise disabled nine months earlier, in view of Dr. Foster's opinions which explain that plaintiff had long-term emotional problems which pre-dated even the alleged onset of disability." (D/E #20, p. 1) Additionally, the Commissioner's argument that Dr. Foster's opinions were so patently deficient that they could not be credited, and that the ALJ's failure to address those opinions was therefore harmless, rested entirely on the basis that Dr. Foster's opinions were retrospective. However, neither a treating nor examining physician's opinion should be dismissed merely because it is retrospective. See Dousewicz v. Harris, 646 F.2d 771, 774 (2d Cir. 1981); Toscano v. Comm'r of Soc. Sec., No. 08-15140, 2009 WL 5217657, *4 (E.D. Mich. Dec. 30, 2009) (O'Meara, J.).

Similarly, the district court's opinion also demonstrates that the Commissioner's position on the ALJ's ultimate disability determination was not substantially justified. While the Commissioner argued that the ALJ's conclusion that plaintiff was not disabled prior to June 19, 2002 was supported by substantial evidence, the district court expressly found that "the record is clear enough that plaintiff was disabled prior to September 21, 2009" and that "the conclusion that plaintiff was not disabled even towards the latter half of 2001 is unsupported." (D/E #20; p. 1). The district court also stated that "[t]he Commissioner has already determined that plaintiff was disabled as of this June 2002 date. There is no basis in the record to conclude that he was not likewise disabled nine months earlier, in view of Dr. Foster's opinions which explain that plaintiff had long-term emotional problems which pre-dated even the alleged onset of disability." (D/E #20; p. 1). Given those findings, the Commissioner's position on when plaintiff's disability began was clearly not substantially justified and plaintiff is entitled to attorney fees pursuant to EAJA.

As a final matter, this court would note that plaintiff's motion requests that be the attorney fees be made payable to plaintiff's attorney. However, the Sixth Circuit has recently addressed the issue of whether attorney fees awarded under EAJA are payable to the party or the party's attorney. See Bryant v. Comm'r of Soc. Sec., 578 F.3d 443 (6th Cir. 2009). In Bryant, the Sixth Circuit concluded that attorney fees should be made payable to the party and not directly to the party's attorney after looking at the plain language of the EAJA, which provides in pertinent part: "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by the party." Bryant, 578 F.3d at 447. See also Astrue v. Ratliff,

130 S. Ct. 2521, 2524, 177 L.Ed.2d 91 (2010) (holding that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States."). Accordingly, the award of attorney fees should be paid directly to plaintiff.

## IV.  Conclusion

For the reasons stated above, the court recommends that plaintiff's motion for attorney fees be **GRANTED** and that plaintiff be awarded $2,244.00 in attorney fees.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: September 29, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on September 29, 2010.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan